IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-20829
Summary Calendar
_____

ISAAC MANUEL ALVARADO,

                                        Petitioner-Appellant,

versus

JANIE COCKRELL, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CV-2958
--------------------
April 9, 2002

Before Before DAVIS, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     Isaac Manuel Alvarado, Texas prisoner #825846, has moved this court for a certificate of appealability ("COA") to appeal the summary-judgment denial of his federal habeas corpus application filed pursuant to 28 U.S.C. § 2254.  In his petition Alvarado argued that (1) his plea was rendered involuntary by counsel's promise of a 10-year sentence; (2) counsel labored

_____

     [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

under a conflict of interest because counsel acted as his interpreter during the guilty-plea proceedings; (3) counsel used fraud and extortion to force him to plead guilty; and (4) counsel failed to conduct any pretrial investigation. He also complained of infirmaries in his state habeas proceedings.

A COA motion may be granted only if the petitioner makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). This requires the petitioner to demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Alvarado has shown that reasonable jurists would find the district court's assessment of his claim that his plea was rendered involuntary by counsel's promise of a 10-year sentence to be debatable or wrong. The district court, in rejecting this claim, improperly afforded the state habeas court's findings a presumption of correctness. The state-court findings should not have been afforded a presumption of correctness as the state court's factual findings were based on a paper record, rather than a live evidentiary hearing, there were conflicting affidavits, and the trial court judge in the state habeas action was not the same judge who presided over Alvarado's guilty-plea hearing. See Nethery v. Collins, 993 F.2d 1154, 1157 n.8 (5th Cir. 1993).

We also conclude that the affidavit of Jose Antonio Villalta raised a genuine issue of material fact with regard to whether counsel had promised Alvarado a specific sentence, thus precluding the grant of summary judgment on this issue.  See FED. R. CIV. P. 56(e).  Accordingly, the district court's order is VACATED and the case REMANDED to the district court to conduct an evidentiary hearing on this issue.  COA is denied as to all remaining issues.